

# NUMBER 13-11-00201-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JIMMY EVANS GORE,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

# MEMORANDUM OPINION[1]

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Rodriguez**

Appellant Jimmy Evans Gore appeals from his conviction for the offense of

aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2003). On November 5,

---

[1] We withdraw our opinion and judgment of July 28, 2011, and substitute the following.

2007, the trial court assessed appellant's punishment at ten years' deferred adjudication probation. On February 14, 2011, at a revocation hearing, appellant pleaded true to four probation violations. The trial court accepted appellant's pleas of true, revoked his unadjudicated probation, found appellant guilty of the offense of aggravated robbery, sentenced him to twenty-five years' confinement in prison, and granted appellant credit toward his sentence for all time to which he was entitled by law.

Concluding that "there are no grounds upon which an appeal can be predicated," counsel filed an *Anders* brief in which he reviewed the merits, or lack thereof, of the appeal. We affirm the judgment of the trial court.

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court stating that he has diligently reviewed the entire appellate record and has concluded that an appeal from the judgment and sentence is without merit and frivolous because the record reflects no reversible error. Counsel's brief sets out, in great detail, relevant portions of the record that may provide potentially appealable issues. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

2

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there is no error in the trial court's judgment and why there are no issues for appeal. Counsel certified to this Court that he served a copy of his motion to withdraw, its supporting brief, and other required notices to appellant by certified mail and that he has informed appellant of his right to review the record and to file a pro se response. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

## II.  PRO SE RESPONSE

Appellant filed a pro se response.[2] He identified the following grounds in his response:   (1) deprivation of rights under color of law, the constitution, and the code of judicial conduct; (2) substantive and procedural due process violations; (3) legally and factually insufficient evidence to support the charge; (4) ineffective assistance of counsel.

## III.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous.   *Penson v. Ohio*, 488 U.S. 75, 80 (1988).   We have reviewed the entire record, counsel's brief, and appellant's pro se response, and we have found nothing that would arguably support an appeal.[3]   *See*

---

[2] Appellant filed a pro se response with the District Clerk in Beaumont, Texas.   Appellant informed this Court of his mistake, and upon request, the District Clerk forwarded appellant's response to us. Having now reviewed appellant's pro se response, we dismiss appellant's motion to consider his pro se response as moot.

[3] Although appellant's attempt at a direct appeal has been unsuccessful, he is not without a potential remedy.   Challenges requiring development of a record to substantiate a claim such as ineffective assistance of counsel may be raised in an application for writ of habeas corpus.   *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *see, e.g.*, *Cooper v. State*, 45 S.W.3d 77, 82-83 (Tex. Crim. App.

*Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## IV. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and the judgments to appellant and to advise appellant of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P.

---

2001) (suggesting that "the legislature may have regarded challenges to voluntariness as better raised in habeas corpus than on appeal because the appellate record will often contain insufficient grounds for a fair resolution of the claim. The legislature may well have decided to render the issue unappealable but only as a means of encouraging its litigation in habeas corpus, where a new and more complete record can be developed"). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814-15 (Tex. Crim. App. 1999).

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P.

48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tᴇx. R. Aᴘᴘ. P. 47.2(b).

Delivered and filed the 25th
day of August, 2011.

---

68.3; 68.7.   Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.   *See* Tᴇx. R. Aᴘᴘ. P. 68.4.